■ WILLIAM F. MCCANN et al., Respondents-Appellants, v KATHERINE J. RYAN, Appellant-Respondent. — Cross appeals from a judgment of the Supreme Court in favor of plaintiffs, entered September 29, 1981 in Delaware

County, upon a decision of the court at Trial Term (Kepner, Jr., J.), without a jury. The parties to this appeal are adjoining landowners in the Town of Deposit, Delaware County, New York. In 1859, both parcels were owned by Cornelius Van Schuyk, the common grantor who conveyed a parcel to a James Gardner, defendant's predecessor in title, and another parcel to Jeanette Cable, plaintiffs' predecessor in title. In 1974, defendant blocked a right of way to which plaintiffs claimed a prescriptive right and plaintiffs brought this action to establish their claim. At trial, without a jury, the trial court found that plaintiffs and their predecessors had used the right of way openly, visibly, continuously and adversely to defendant and her predecessors in title for more than 20 years; established the dimensions of the path at 10 feet wide and 150 yards long; ordered defendant to remove the obstacle she had placed in the way; and enjoined defendant from future interference with plaintiffs' rights as established. We agree with that determination since it is amply supported by the evidence. We further agree that the trial court correctly determined that plaintiffs were not entitled to an easement by necessity, which is the subject of plaintiffs' cross appeal. Plaintiffs' witness, Clayton Warner, whose testimony was obviously credited by the trial court, testified to having traveled the right of way as early as the winter of 1927 until 1970 when he sold the land to Murdock. While he used the road "occasionally", he also testified that other members of his family used it for horseback riding, trucks and tractors. Murdock testified to his use thereof from 1970-1974 when it was purchased by plaintiffs, who used the road until defendant blocked the way. The trial court found, therefore, that the use ripened into an easement by prescription (*Caswell v Bisnett,* 50 AD2d 672, mot for lv to app den 38 NY2d 709). Contrary to defendant's contention, the use "need not be on a daily basis, but it must be such that an owner of the land would or should recognize a hostile claim is asserted" (*Jansen v Sawling,* 37 AD2d 635). Indicative of the use is the fact that the Warners included the right of way in their deed to Murdock, who included it in his deed to plaintiffs (see *Brown v State of New York,* 36 AD2d 1015, 1016). In regard to plaintiffs' claim of a prescriptive easement, the judgment of the trial court should, therefore, be affirmed (*Attia v Greenberg,* 53 AD2d 599). With respect to plaintiffs' cross appeal based upon the trial court's failure to find an easement by necessity in plaintiffs' favor, we again believe the trial court was correct, inasmuch as plaintiffs have used with permission a different right of way of another adjoining owner for ingress and egress to this property. Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Levine, JJ., concur.