■ ELIO M. MICHELI et al., Appellants, v JOHN A. D'AGOS-TINO, Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Brown, J.), entered April 6, 1990 in Saratoga County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs initiated this suit seeking to enjoin defendant from maintaining a boat dock and stairs leading to the dock on land owned by plaintiffs along the easterly shore of Saratoga Lake in the Town of Stillwater, Saratoga County. Plaintiffs also seek a declaration that they are the owners of the land in question. Defendant's answer alleged the affirmative defenses of, *inter alia,* an easement by deed, the Statute of Limitations and an easement by prescription. Defendant moved for summary judgment and sanctions against plaintiffs, and plaintiffs cross-moved for summary judgment. Supreme Court granted summary judgment to defendant, finding that an easement existed by prescription. This appeal by plaintiffs ensued.

On this appeal plaintiffs urge that Supreme Court erred in granting summary judgment to defendant and that they have in fact established entitlement to summary judgment in their own behalf. In the alternative, plaintiffs contend that the court should have found that questions of fact precluded a grant of summary judgment to defendant.

There should be an affirmance. The record discloses that defendant's predecessor in title, his father, acquired title to

certain real property in 1954 from Guy Lobdell. The grant included the right "to make reasonable use of the premises owned by [Lobdell] along the easterly shore of Saratoga Lake in common with others". Defendant acquired title to the property in 1957. He had resided there since 1955. Since 1954, defendant or his predecessor maintained stairs which lead to the lake as well as a seasonal dock. Plaintiffs acquired title to the servient estate from Lobdell's widow in 1966. In 1987 and 1988 plaintiffs stated that defendant had only a right-of-way to the lake and demanded that defendant remove the dock and other structures. This action commenced in 1989.

Plaintiffs urge that Supreme Court committed error and should have granted summary judgment to them on the ground that defendant's initial use of the property was permissive, there was no change in the character of the use and there was no ripening of a prescriptive easement. It is not controverted that there was a use of the dock and stairs for some 30 years. It is urged by plaintiffs that because the use was permissive, a necessary element of an easement by prescription, i.e., hostile use, is missing. Thus, the sole issue in this case is whether defendant established that his use was hostile.

Defendant established that he had open, continuous possession of the property for in excess of the statutory period of 10 years. Defendant alleged that his use was under a claim of right. A supporting affidavit of his neighbor also indicated that he too had a right by deed to maintain use of the dock under a common deed from Lobdell. This gave rise to a presumption that defendant's possession was hostile and the burden then shifted to plaintiffs to show permissive use (see, Di Leo v Pecks Holding Corp., 304 NY 505; City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 120).

We conclude that plaintiffs' allegations of a permissive use were inadequate to defeat the presumption of hostile use established by defendant. The proof relied on by plaintiffs to rebut the presumption was that the original grantor helped defendant's father place his dock, and that from this act a permissive use can be inferred which continued until a hostile intent was shown, that is, until 1987 when defendant continued to use the property despite being ordered off by plaintiffs. We disagree. The placing of the dock by plaintiffs' predecessor in interest and by defendant's father was not such action from which permissiveness is inferable.

Order affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.