FRANK IACOVELLI, JR., et al., Respondents-Appellants, v JOHN SCHOEN, Appellant-Respondent.—Order unanimously modified on the law and as modified affirmed with costs to defendant, in accordance with the following Memorandum: Plaintiffs commenced this action under RPAPL article 15 for a determination that defendant has no interest in a strip of land known as Old Heron Lane. Plaintiffs alleged that, by order of Supreme Court, Suffolk County, the easement over Old Heron Lane was exchanged for an easement over New Heron Lane, located a short distance away from the old easement. All of the members of the Red Cedar Point Association had executed releases of the old easement. Although defendant had been granted an interest in the easement by deed, he was not a member of the Association and he did not join in the releases and was not a party in the court proceeding authorizing the exchange of easements.

Plaintiffs allege, nevertheless, that defendant abandoned his right in the easement over Old Heron Lane because he had knowledge of the exchange of the easements and he discontinued use of the old easement after the exchange.

Defendant moved for summary judgment alleging that his predecessors acquired rights in the easement by deed and that neither he nor his predecessors had lost their interest in the easement over Old Heron Lane by abandonment. Plaintiffs cross-moved for summary judgment contending that defendant abandoned his interest in the easement over Old Heron Lane by non-use. In support of the motion, plaintiffs submitted an affidavit from the former owner who stated that no one from the community used Old Heron Lane after the exchange.

An easement acquired by grant cannot be lost by non-use alone *(Castle Assocs. v Schwartz,* 63 AD2d 481, 487; 49 NY Jur 2d, Easements, § 185, at 313-314). To prove abandonment of an easement created by deed there must be evidence not only of cessation of use but also of "conduct of the owner of the easement definitely evincing an intention to surrender the right" (49 NY Jur 2d, Easements, § 185, at 315; *see, Welsh v Taylor,* 134 NY 450, 454). Here, there was no evidence of conduct on the part of defendant or his predecessors evincing an intent to surrender the right to the easement. Summary judgment, therefore, was properly denied to plaintiffs but should have been granted to defendant determining that, by virtue of deed, he retains an easement over Old Heron Lane.

Defendant asserted a counterclaim for trespass alleging that plaintiffs removed surveyor's stakes that defendant had placed on the easement. Defendant's motion for summary judgment on the counterclaim was properly denied because there was no showing that it was necessary for defendant to have the boundaries of the easement surveyed in order to exercise his rights in the easement. (Appeals from Order of Supreme Court, Suffolk County, Namm, J.—Summary Judgment.) Present—Dillon, P. J., Doerr, Boomer, Pine and Lawton, JJ.