[678 NYS2d 810]

McIntosh Builders, Inc., et al., Respondents, v Dwight R. Ball et al., Appellants, et al., Defendants.

Third Department, October 22, 1998

[black redaction bars]

## APPEARANCES OF COUNSEL

*Chernin & Gold,* Binghamton (*Margaret J. Fowler* of counsel), for Dwight R. Ball and others, appellants.

*Hinman, Howard & Kattell,* Binghamton (*N. Theodore Sommer* of counsel), for John P. Ayres and others, appellants.

*O'Hara & O'Connell,* Syracuse (*James P. Evans* of counsel), for respondents.

## OPINION OF THE COURT

YESAWICH JR., J.

After plaintiffs, a Delaware corporation and its principal, commenced this action for, *inter alia,* breach of contract and legal malpractice, defendants moved for summary judgment claiming, among other things, that plaintiff McIntosh Builders, Inc. lacked the capacity to maintain the action inasmuch as its authority to do business in New York had been annulled. Because the corporation did not, in fact, have the requisite authority, and admitted that it owed back taxes to the State, Supreme Court gave it 60 days to cure this defect. The court also dismissed certain of plaintiffs' claims on other grounds and dismissed all causes of action against two of the defendants, who plaintiffs conceded were not proper parties to the action.

Prior to the expiration of the 60-day period, McIntosh paid its outstanding franchise taxes, amounting to approximately $7,000, and obtained correspondence from the Department of Taxation and Finance stating that it was "cleared * * * to operate in good standing in New York State". Shortly thereafter, a cancellation of the prior annulment of McIntosh's authority to do business was filed with the Department of State. Supreme Court then dismissed the causes of action brought by the individual plaintiff, who was not a party to any of the underlying transactions, but rejected the other arguments advanced by the remaining defendants (hereinafter defendants), including their contention that McIntosh, having failed to pay all of its outstanding taxes, is precluded from maintaining this suit by the terms of Business Corporation Law § 1312 (a). Defendants appeal.

Business Corporation Law § 1312 (a) provides that: "A foreign corporation doing business in this state without authority shall not maintain any action * * * in this state unless and until such corporation has been authorized to do business in this state *and* it has paid to the state *all fees* and taxes imposed under the tax law or any related statute * * * as well as penalties and interest charges related thereto, accrued against the corporation" (emphasis supplied). And a foreign corporation whose authority to do business in this State has been annulled cannot ordinarily regain that authority until it has paid all of its taxes, fees and related charges (*see*, Tax Law § 203-b [7]). A determination by the Department of Taxation and Finance, allowing a foreign company to function in New York is therefore prima facie evidence that there has been compliance with Business Corporation Law § 1312 (a).

Nevertheless, while that determination is obviously entitled to deference (*cf., e.g., Matter of Hopper v Commissioner of Taxation & Fin.*, 224 AD2d 733, 737, *lv denied* 88 NY2d 808), it is not entirely dispositive of a corporate plaintiff's capacity to sue. Had the Legislature intended that the Department's ruling, without more, be dispositive, there would have been no need to explicitly include, as a separate precondition to the maintenance of a lawsuit, the requirement that the corporation satisfy its fiscal obligations. Consequently, we are of the view that where, as here, there is credible evidence that a plaintiff foreign corporation has not actually paid the requisite taxes, that proof may be sufficient to overcome the presumption which arises from the Department's determination. To hold otherwise would be to effectively write this second requirement out of the statute, a result that is to be avoided wherever possible (*see, People v Giordano*, 87 NY2d 441, 448).

Hence, given the undisputed record proof that McIntosh owes New York more than $38,000 in taxes, interest and penalties, and the lack of any indication that those charges have been waived, we are compelled to conclude that the corporation is without the capacity to maintain this action (*see, Community Bd. 7 of Borough of Manhattan v Schaffer*, 84 NY2d 148, 155; *Pergament Home Ctrs. v Net Realty Holding Trust*, 171 AD2d 736, 737). In view of the prevailing circumstances, however, fairness dictates that McIntosh be afforded an additional 90 days from the date of this Court's order to demonstrate that it has complied with all of the requirements of Business Corporation Law § 1312 (a), including that mandating the payment of all of its outstanding taxes and related obligations (*see, Hot*

*Roll Mfg. Co. v Cerone Equip. Co.*, 38 AD2d 339, 341; *Paper Mfrs. Co. v Ris Paper Co.*, 86 Misc 2d 95, 97). Should it not do so, the complaint will be dismissed and the counterclaim severed (*see, Matter of United Envtl. Techniques v State of N. Y. Dept. of Health*, 88 NY2d 824, 825; *Ballen v Aero Mayflower Tr. Co.*, 144 AD2d 407, 410). If McIntosh establishes its compliance with the statutory requirements within the 90-day period, either party may request that this appeal be restored to this Court's calendar for consideration of the remaining issues.

MIKOLL, J. P., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the order is modified, on the law, with costs, to the extent that the action is dismissed, unless within 90 days of the date of this order plaintiff McIntosh Builders, Inc. complies with Business Corporation Law § 1312 (a) by paying all of the taxes, fees and related charges due and owing to the State of New York; should that condition be satisfied, the appeal may be restored to this Court's calendar, upon application of either party, for consideration of the remaining issues raised therein.