■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL MCDONALD, Appellant. [684 NYS2d 646] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered July 17, 1996 in Albany County, upon a verdict convicting defendant of the crimes of attempted robbery in the first degree and attempted robbery in the second degree.

Defendant's sole contention on this appeal is that Supreme Court erred in denying his motion for a trial order of dismissal pursuant to CPL 290.10 on the ground that the evidence was legally insufficient to establish defendant's accessorial liability for the crimes charged.

The essential facts are not in dispute. At approximately 2:00 A.M. on July 18, 1995, defendant was in the company of his two codefendants, Marquis Bell and Kareem Murphy.* Observing the victim, Timothy Thomas, approach on a bike, defendant conversed with him about purchasing the bike. When defendant asked to take the bike for a spin, Thomas refused absent a partial payment in hand. Defendant then approached Thomas and sat on the bike with him. Bell then asked Thomas if he had the money that was owed to him, which Thomas offered to deduct from the price of the bike. Bell stated "We ain't buying that bike. We're going to take [it]," and proceeded to sit on the front tire of the bike with both hands on the handlebars. According to Thomas' trial testimony, when he refused to give up the bike Bell directed Murphy to shoot Thomas. Murphy walked to the corner, loaded his gun and returned, directing

---

* Bell and Murphy pleaded guilty before trial and testified against defendant at trial.

defendant and Bell to get off the bike. Murphy then shot Thomas and left the scene with Bell and defendant.

Defendant argues that there is no proof that he intentionally aided Bell and Murphy in their criminal conduct against Thomas or possessed the requisite mental culpability therefor. He emphasizes that the extent of his involvement in the events was sitting on the bike, and that he neither spoke nor acted in furtherance of any crime.

The line between mere presence at the scene of a crime, even with knowledge of its commission, and participation sufficient to give rise to accessorial liability is sometimes difficult to discern. Reviewing the legal sufficiency of evidence underpinning a jury verdict, however, we view the evidence in the light most favorable to the People and determine only whether " '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621, quoting *Jackson v Virginia*, 443 US 307, 319 [emphasis in original]).

Applying this standard, we cannot say that the jury's verdict was irrational. Evidence providing a rational basis for the jury verdict included the fact that defendant remained on the bicycle during the exchange between the victim, Bell and Murphy (wherein the latter expressed their intention to take the bike and shoot Thomas) permitting an inference of defendant's participation in the crime (*see, People v Corbett*, 162 AD2d 415, *lv denied* 77 NY2d 837; *People v Davis*, 186 AD2d 437, *lv denied* 81 NY2d 787; *Matter of Eric R.*, 213 AD2d 310; *Matter of Emerson D.*, 189 AD2d 712) and a community of purpose with his codefendants (*see, People v Allah,* 71 NY2d 830, 832; *People v Whatley*, 69 NY2d 784). That defendant left the scene of the crime in the company of Bell and Murphy is further evidence of his complicity in the crime (*see, People v Coulter*, 240 AD2d 756, 757, *lv denied* 91 NY2d 871; *People v Corbett, supra*, at 415). Mental culpability may be inferred from defendant's conduct and from the surrounding circumstances (*see, People v Dorsey*, 112 AD2d 536, *lv denied* 66 NY2d 769). Finally, both of defendant's accomplices, whose credibility was for the jury to determine, inculpated him to a substantially greater degree than did the victim.

We therefore conclude that the crimes of which defendant was convicted represented the "culmination of a continuum of events" in which he continued to participate after the intentions of his codefendants became manifest, so as to justify the jury's conclusion that he shared their criminal intent and aided in commission of the crimes (*see, People v Little*, 186 AD2d

1072, *lv denied* 81 NY2d 1075; *People v Bosque*, 78 AD2d 986, *lv denied* 52 NY2d 901, *cert denied* 451 US 992).

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.