■ ELLA L. BARLOW et al., Respondents, v JULIE SPAZIANI et al., Defendants, and LYNN J. DEVLIN, Appellant. [880 NYS2d 369]—

Lahtinen, J. Appeal from an order of the Supreme Court (Dowd, J.), entered July 29, 2008 in Otsego County, which granted plaintiffs' motion for summary judgment dismissing defendant Lynn J. Devlin's claim of a prescriptive easement.

The parties own adjoining property on Goodyear Lake in the Town of Milford, Otsego County. Defendant Lynn J. Devlin (hereinafter defendant) has owned her lot since 1989, having received it from her deceased parents who purchased it in 1972. She and her parents accessed the lot by using a short driveway (also referred to in the record as a turnaround) that extended from a private road known as Barlow Road. Plaintiff Ella L. Barlow (hereinafter plaintiff), who has owned her lot since 1960, commenced this action seeking, among other things, to enjoin defendant from using the subject short driveway, asserting that it was located on her property. An amended complaint was served adding plaintiff's daughters as additional plaintiffs after plaintiff transferred the property to her daughters while retaining a life estate for herself. Defendant contended, among other things, that she has an easement by prescription over the disputed area. Following disclosure, plaintiffs moved for summary judgment dismissing defendant's claim for a prescriptive easement and Supreme Court granted the motion. Defendant appeals.

We initially note that, given the procedural context, we view all evidence in the light most favorable to the nonmovant and decide only whether triable issues have been raised (see generally Matter of Council of City of N.Y. v Bloomberg, 6 NY3d 380, 401 [2006]; Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]). The deposition testimony of defendant and her husband, as well as an affidavit of a resident of the area for 50 years, supply sufficient evidence to raise a triable issue as to whether defendant and her predecessors had continuously used the disputed driveway for well in excess of the prescriptive period. If she prevails on that issue at trial, then "[s]uch open, notorious and uninterrupted use of the access way is presumed to be adverse or hostile, under a claim of right [and] [t]his casts the burden on [plaintiffs] to negate the presumption by showing that the use . . . was permissive" (Brocco v Mileo, 144 AD2d 200, 201 [1988] [citations omitted]; see Gordon v Thomas, 177 AD2d 909, 909-910 [1991]). Plaintiff did not aver that she gave

explicit permission to defendant or her parents to use the driveway, but instead relied upon an ostensibly unspoken assumption of being neighborly. While permission can be implied from neighborly cooperation (*see Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]) or a familial relationship (*see McNeill v Shutts*, 258 AD2d 695, 696 [1999]), there is evidence in the record that defendant and her parents rarely conversed with plaintiff and that, in fact, tension existed between the individuals even prior to this litigation. It cannot be concluded as a matter of law that an atmosphere of neighborly accommodation existed regarding permission to use the driveway. Moreover, the fact that other vehicles—such as town snowplows and business delivery vehicles—may have occasionally used the subject driveway does not necessarily defeat the claim of a prescriptive easement (*see McLean v Ryan*, 157 AD2d 928, 930 [1990]). The record reveals triable issues regarding a prescriptive easement and, accordingly, we reverse.

Spain, J.P., Malone Jr., Stein and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.