■ DENNIS KESSINGER et al., Appellants, v JEREMY SHARPE et al., Respondents. [898 NYS2d 381]—

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered July 14, 2008 in an action pursuant to RPAPL article 15. The order denied the motion of plaintiffs for summary judgment and granted summary judgment in favor of defendants.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the award of judgment in favor of defendants Jeremy Sharpe and Courtenay Sharpe is vacated, the motion is granted and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following memorandum: Plaintiffs appeal from an order denying their motion seeking summary judgment declaring pursuant to RPAPL 1521 (1) that they established a prescriptive easement with respect to that part of the

driveway located over the boundary between property owned by plaintiffs and Jeremy Sharpe and Courtenay Sharpe (defendants), respectively, and instead granting summary judgment in favor of defendants in the absence of a cross motion seeking that relief (*see* CPLR 3212 [b]). We reverse, inasmuch as we conclude that the court erred in denying plaintiffs' motion.

"An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period, which is 10 years" (*Walsh v Ellis*, 64 AD3d 702, 705 [2009]). "[W]here an easement has been shown by clear and convincing evidence to be open, notorious, continuous, and undisputed, it is presumed that the use was hostile, and the burden shifts to the opponent of the allegedly prescriptive easement to show that the use was permissive" (*J.C. Tarr, Q.P.R.T. v Delsener*, 19 AD3d 548, 550 [2005]; *see Barlow v Spaziani*, 63 AD3d 1225, 1226 [2009]). Plaintiffs purchased their property in 2002, and defendants purchased their property in 2005. In 2006 defendants erected a fence on the driveway over the boundary between the properties, thereby blocking access both to the rear of plaintiffs' property and to the rear of their own property. Plaintiffs had continuously used the driveway until 2006, when the fence was erected by defendants.

In support of their motion, plaintiffs submitted the affidavits of five neighbors attesting to the shared use of the driveway in question by the predecessors in interest of plaintiffs and defendants. Indeed, two of those affidavits establish that the residents of both properties used the driveway in excess of 50 years. Plaintiffs established that there are two driveways that in effect created one circular driveway prior to the erection of the fence. The driveways ran on either side and to the rear of their residence, providing plaintiffs with access to a four-bay wooden structure that was used as a garage. In addition, there is a carriage stone and a stone curb in the rear of plaintiffs' residence. The location of the carriage stone near the rear door and the curb supports the conclusion that plaintiffs' predecessors in interest utilized the two driveways as one circular driveway, as a means of ingress and egress to the rear of the residence. Thus, plaintiffs established "a continuing open and notorious use of defendants' property for the necessary 10 years, shifting the burden to defendants to demonstrate that [plaintiffs'] use was permissive" (*Gravelle v Dunster*, 2 AD3d 964, 965 [2003]; *see Barlow v Spaziani*, 63 AD3d 1225, 1226 [2009]). In opposition to the motion, however, defendants established only that the immediate predecessor in interest of their property, i.e.,

Courtenay Sharpe's parents, purchased the property in 2002 and told plaintiffs in 2003 that they were not permitted to use the driveway, and defendants established that there were no recorded easements with respect to the driveway. That evidence is insufficient to raise an issue of fact whether plaintiffs' use and that of plaintiffs' predecessors in interest had been permissive (*see Gravelle*, 2 AD3d at 965-966; *cf. Palumbo v Heumann*, 295 AD2d 935, 935-936 [2002]). We therefore reverse the order, vacate the award of judgment in favor of defendants, grant plaintiffs' motion for summary judgment and remit the matter to Supreme Court to grant judgment in favor of plaintiffs declaring valid their claim to a prescriptive easement with respect to that part of the driveway in question (*see* RPAPL 1521 [1]) and to order defendants to remove the fence forthwith. We further direct the court upon remittal to conduct an immediate trial on damages pursuant to CPLR 3212 (c). Present—Scudder, P.J., Centra, Fahey and Green, JJ.