■ RED WING PROPERTIES, INC., Respondent, v SETH GROSS-HANDLER, Appellant. [903 NYS2d 269]—

In an action, inter alia, for a judgment declaring that the plaintiff has an easement over certain real property and for injunctive relief, the defendant appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Dutchess County (Brands, J.), dated June 15, 2009, as, after a nonjury trial, is in favor of the plaintiff on its first and second causes of action declaring that the plaintiff is entitled to use the easement without hindrance or interference.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In reviewing a verdict following a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial judge had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *6243 Jericho Realty Corp. v AutoZone, Inc.*, 71 AD3d 983 [2010], *lv denied* 14 NY 714 [2010]; *Vandenburg & Feliu, LLP v Interboro Packaging Corp.*, 70 AD3d 931, 931-932 [2010]). Contrary to the defendant's contention, there is clear and convincing evidence in the record to support the trial court's determination that the plaintiff possessed a valid, reasonably definite, prescriptive right-of-way over the subject vacant parcel. The plaintiff and its predecessors-in-interest openly and continuously used the right-of-way commensurate with appropriate seasonal uses (*see e.g. Led Duke v Sommer*, 205 AD2d 1009, 1010-1011 [1994]; *Miller v Rau*, 193 AD2d 868, 869 [1993]; *Slater v Ward*, 92 AD2d 667, 668 [1983]; *McCann v Ryan*, 92 AD2d 656, 657 [1983]) for a term in excess of the applicable prescriptive period. Moreover, there was ample evidence that the use was hostile and under

claim of right, and the defendant failed to demonstrate that the use was by permission or that the easement had been abandoned (*see Gerbig v Zumpano*, 7 NY2d 327, 331 [1960]; *Iacovelli v Schoen*, 170 AD2d 1044 [1991]). Accordingly, we discern no basis upon which to disturb the trial court's credibility determinations, findings of fact, or conclusions of law.

In view of the foregoing, we need not reach the defendant's remaining contentions. Mastro, J.P., Florio, Belen and Roman, JJ., concur.