■ FRANCES PATRICIA MEYERS et al., as Trustees of the LILLIAN HOMENICK FAMILY TRUST, Respondents, v MARY LYNN CAREY, Also Known as MARY LYNN FABIANO, Appellant. [904 NYS2d 824]—

Malone Jr., J. Appeal from an order and judgment of the Supreme Court (O'Connor, J.), entered June 3, 2009 in Ulster County, upon a decision of the court in favor of plaintiffs.

Plaintiffs and defendant own adjoining properties in the Town of Saugerties, Ulster County that were once part of one large parcel, and a stone driveway over defendant's lot is the only developed means by which plaintiffs are able to access their lot. In 2005, after plaintiffs entered into a contract to sell their property, defendant informed the potential purchasers that she would not allow them to use the driveway to access the property. Apparently as a result, the purchasers canceled the contract. Plaintiffs then commenced this declaratory judgment action seeking, among other things, a declaration that they have a valid easement over defendant's driveway, as well as damages related to the lost sale of the property. Following a nonjury trial, Supreme Court found that plaintiffs had established that a prescriptive easement existed over the driveway, but dismissed that part of the complaint seeking damages based upon the canceled contract. Defendant appeals.

"An easement by prescription is generally demonstrated by proof of the adverse, open and notorious, continuous, and uninterrupted use of the subject property for the prescriptive period, which is [currently] 10 years" (Kessinger v Sharpe, 71 AD3d 1377, 1378 [2010] [internal quotation marks and citation omitted]; see McNeill v Shutts, 258 AD2d 695, 696 [1999]). Here, there is clear and convincing proof that the stone driveway was in existence and use prior to the time that plaintiffs' parents purchased the property in 1955, and that the continued use of the driveway by plaintiffs and their parents was open, continuous and undisputed ever since. In light of such evidence, it is presumed that the use was hostile and the burden thus shifted to defendant to demonstrate that the use was, instead, permissive (see Barlow v Spaziani, 63 AD3d 1225, 1226 [2009]; J.C. Tarr, Q.P.R.T. v Delsener, 19 AD3d 548, 550 [2005]). In that regard, defendant claimed that she had told plaintiffs' parents that she considered their use of the driveway to be permissive and also offered some proof that she maintained a neighborly and cooperative relationship with plaintiffs and their parents after she purchased her property in 1989. However, because no evidence was offered to prove that the use by plaintiffs' parents

was permissive during the 34 years between the time when plaintiffs' parents purchased their property and the time when defendant purchased hers, the use during that time is presumed to be hostile (*see Beutler v Maynard*, 80 AD2d 982, 983 [1981]; *compare Allen v Mastrianni*, 2 AD3d 1023 [2003]; *Hassinger v Kline*, 91 AD2d 988 [1983]). Inasmuch as that time period exceeds the requisite statutory prescriptive period (*see* CPLR 212 [a]; *see also* former Civ Prac Act § 34), plaintiffs established that a prescriptive easement exists over defendant's driveway. Accordingly, the order and judgment entered in favor of plaintiffs will not be disturbed.

Cardona, P.J., Mercure, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment and order is affirmed, with costs.