■ LEW BEACH COMPANY, Respondent, v SUSAN L. CARLSON et al., Appellants, et al., Defendants. [910 NYS2d 565]—

Kavanagh, J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered February 25, 2009, which, among other things, granted plaintiff's motion for summary judgment declaring that it has a prescriptive easement over real property owned by defendants.

In 1999, plaintiff purchased property in the Town of Rockland, Sullivan County on which it operates a hunting lodge that is accessed by a road that runs through defendants' property.[1] When defendants sought to prevent plaintiff from using this road to access its property, plaintiff commenced this action claiming that it had an easement over defendants' property that gave it a legal right to use the roadway. County Court granted plaintiff's motion for a preliminary injunction and issued a temporary

---

1. Plaintiff purchased this property in 1999 from Mercer Homestead, Inc., which owned it since 1921.

restraining order barring defendants from interfering with its use of the road.[2]

Plaintiff subsequently moved for summary judgment awarding it a right-of-way over the road. Defendants Susan L. Carlson, Jeanne L. Smith, Douglas E. Loucks, Ross Loucks, Regan Ridge Hunting Club, Inc. and Beaverkill Trout Club, Inc. (hereinafter collectively referred to as defendants) cross-moved for summary judgment dismissing the entire complaint.[3] County Court granted plaintiff's motion and awarded summary judgment on its first cause of action, finding that it had an easement by prescription over the roadway, and denied defendants' cross motion for summary judgment. Defendants now appeal.

Initially, while not addressed by County Court, defendants argue that this action should have been dismissed because plaintiff is a foreign corporation that has failed to pay certain taxes and, as such, cannot commence such an action under applicable state law (see Business Corporation Law § 1312). However, a claim, when made by a foreign corporation, would only be dismissed if the corporation persists in failing to pay its taxes after being given an opportunity to do so. If it can prove that such payments have been made and it otherwise complied with applicable state law, a foreign corporation will be allowed to maintain such an action (see Matter of Mobilevision Med. Imaging Servs., LLC v Sinai Diagnostic & Interventional Radiology, P.C., 66 AD3d 685, 686 [2009]; McIntosh Bldrs. v Ball, 247 AD2d 103, 105 [1998]). Here, plaintiff has submitted evidence that it has paid all applicable taxes and is otherwise fully authorized to do business in New York. Since defendants have not challenged plaintiff's representation that it has paid these taxes, or its claim that it is authorized to do business in New York, defendants' motion for dismissal, if addressed by County Court, should have been denied (see McIntosh Bldrs. v Ball, 264 AD2d 869, 870 [1999]).

Defendants argue—and we agree—that County Court erred in finding that plaintiff has established as a matter of law that it has an easement by prescription over defendants' property. Such an easement will only exist if plaintiff can show that its use of defendants' property "was open, notorious, continuous and hostile for the prescriptive period" (Barra v Norfolk S. Ry.

2. This Court affirmed County Court's order granting plaintiff this relief (Lew Beach Co. v Carlson, 57 AD3d 1153 [2008]).

3. Carlson, Smith, Douglas Loucks and Ross Loucks obtained title to their property in 2000 from Clarence Loucks and Catherine Loucks. Regan Ridge Hunting Club, Beaverkill Trout Club and defendant Robert Sarles obtained title to their properties in 1957, 1965 and 1975, respectively.

*Co.*, 75 AD3d 821, 823 [2010]; *see Meyers v Carey*, 75 AD3d 949, 949-950 [2010]; *Cole v Rothe*, 18 AD3d 1058, 1059-1060 [2005]).

Here, defendants do not deny that plaintiff and its predecessor in title used the road during the statutory period, but argue that such use was the result of "neighborly cooperation" and was not hostile (*Barlow v Spaziani*, 63 AD3d 1225, 1227 [2009]; *see Penn Hgts. Beach Club, Inc. v Myers*, 42 AD3d 602, 606-607 [2007], *lv dismissed* 10 NY3d 746 [2008]; *Allen v Mastrianni*, 2 AD3d 1023, 1024 [2003]). In that regard, each side has submitted competing affidavits from relevant landowners that, in our view, create a question of fact as to whether plaintiff's use of the road—and that of its predecessors in title—was permissive rather than hostile. Of particular note, the president of Mercer Homestead, Inc.—the prior owner of plaintiff's property—submitted an affidavit to the effect that its use of the road was permissive. However, plaintiff's president discounted that representation and explained that Rattle Hill Lodge was for a time Mercer's tenant on the property and, during the period of its tenancy, "used [the road] as a matter of right."[4] These conflicting affidavits, at the very least, create a question of fact as to whether an easement by prescription exists (*see Barra v Norfolk S. Ry. Co.*, 75 AD3d at 823-824; *Barlow v Spaziani*, 63 AD3d at 1226; *Bouton v Williams*, 42 AD3d 795, 796 [2007]). As such, Supreme Court erred in granting summary judgment to plaintiff on the first cause of action.

While not reached by County Court, defendants' cross motion for summary judgment also sought dismissal of plaintiff's claims that it had an easement by necessity (second cause of action) and implication (third cause of action) over defendants' property. To establish an easement by necessity, plaintiff must, by clear and convincing evidence, show that its property was at one time titled under the same deed as defendants' and, when severed, plaintiff's parcel became landlocked (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]; *Meyer v Stout*, 45 AD3d 1445, 1447 [2007]; *Thomas Gang, Inc. v State of New York*, 19 AD3d 861, 862 [2005]; *Astwood v Bachinsky*, 186 AD2d 949, 949-950 [1992]). In other words, "the existence and extent of an ease-

---

4. In addition to the affidavit from Mercer's president, defendants, in support of their position, offered an affidavit from Clarence Loucks, the prior owner of their property, who stated that the road had been used for "decades" and that "all of the landowners owning property along the road used it as it ran through each other's land permissively, as a matter of convenience and neighborly accommodation." Plaintiff, in addition to its affidavit from its president, submitted affidavits from two former adjoining landowners, each of whom stated that they used the road as a matter of right and never obtained permission to do so.

ment by necessity is determined based on the circumstances as they existed at the time of severance" (*Foti v Noftsier*, 72 AD3d 1605, 1608 [2010]). Similarly, an easement by implication requires "(1) unity and subsequent separation of title, (2) the claimed easement must have, prior to separation, been so long continued and obvious or manifest as to show that it was meant to be permanent, and (3) the use must be necessary for the beneficial enjoyment of the land" (*Sadowski v Taylor*, 56 AD3d 991, 993 [2008]; *see Mobile Motivations, Inc. v Lenches*, 26 AD3d 568, 570-571 [2006]; *Abbott v Herring*, 97 AD2d 870, 870 [1983], *affd* 62 NY2d 1028 [1984]). Here, plaintiff has failed to present any evidence that contradicts or challenges the representation of defendants' expert that the elements of an easement by necessity and implication have not been established and, therefore, those claims must be dismissed.[5]

Spain, J.P., Rose, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, with costs, motion denied, and cross motion for summary judgment dismissing plaintiff's second and third causes of action granted.

---

5. At oral argument, plaintiff's counsel conceded this point.