# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**734**

**CA 10-02329**

PRESENT: SMITH, J.P., FAHEY, CARNI, LINDLEY, AND GORSKI, JJ.

---

BRIAN S. DERMODY AND GINA V. DERMODY,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

DARRYL D. TILTON, SANDRA J. TILTON,
DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.
(APPEAL NO. 1.)

---

OHL & ALEXSON, HONEOYE (WAYNE I. OHL OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

THE BROCKLEBANK FIRM, CANANDAIGUA (DEREK G. BROCKLEBANK OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Ontario County
(William F. Kocher, A.J.), entered November 17, 2010.  The order,
inter alia, granted the motion of plaintiffs for summary judgment
against defendants Darryl D. Tilton and Sandra J. Tilton.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating that part of the third
ordering paragraph granting plaintiffs the right to use Coon Run for
any purpose other than ingress, egress and general access and as
modified the order is affirmed without costs.

Memorandum:  Darryl D. Tilton and Sandra J. Tilton (collectively,
defendants) appeal from an order that, inter alia, granted plaintiffs'
motion for summary judgment on the second amended complaint against
defendants and granted plaintiffs an easement by prescription over a
portion of defendants' property.  The property owned by plaintiffs is
located north of defendants' property, and the only vehicular access
to it is by way of Coon Run, a former public road running north and
south between Tilton Road and Route 20A in the Town of Bristol.
Plaintiffs commenced this action seeking an easement over Coon Run to
access their property from Route 20A and an order enjoining defendants
from interfering with their right to use that portion of Coon Run
adjacent to defendants' property.  We conclude that Supreme Court
properly granted plaintiffs' motion for summary judgment to the extent
that they sought a prescriptive easement.

"To establish a prescriptive easement one must prove by clear and
convincing evidence . . . that the use was 'adverse, open and

notorious, continuous and uninterrupted for the prescriptive period' "
of 10 years (*Beutler v Maynard*, 80 AD2d 982, 982-983, *affd* 56 NY2d
538, quoting *Di Leo v Pecksto Holding Corp.*, 304 NY 505, 512). Here,
plaintiffs submitted evidence establishing that their predecessors in
interest, including the individual who sold the property to
plaintiffs, as well as the owners of other landlocked parcels in the
area, had used Coon Run to access their properties and maintained it
for that purpose for several decades after its use as a public road
was discontinued. That evidence was sufficient to demonstrate that
Coon Run was openly, notoriously and continuously used to access
plaintiffs' property for the requisite 10-year period, thus giving
rise to a presumption that the use was hostile and under claim of
right (*see Kessinger v Sharpe*, 71 AD3d 1377, 1378). Thus, plaintiffs
met their initial burden on the motion, and defendants' conclusory
allegation that the prior use of Coon Run by other property owners in
the area was permissive is insufficient to raise a triable issue of
fact (*see generally id.* at 1378-1379; *Micheli v D'Agostino*, 169 AD2d
1010, 1011). Although defendants submitted the affidavit of Darryl
Tilton's mother, Verna Tilton, in which she averred that her family
had controlled access to Coon Run from Route 20A on a permissive
basis, that statement was contradicted by her additional sworn
statements, and we thus conclude that the submission of that affidavit
constitutes an attempt to raise feigned issues of fact where none
truly exists (*see Martin v Savage*, 299 AD2d 903). In any event, Verna
Tilton did not specifically state that the use of Coon Run by
plaintiffs' predecessors in interest was permissive in nature.

We agree with defendants, however, that the scope of the easement
granted by the court is overbroad. It is well settled that, "in the
case of a prescriptive easement, the right acquired is measured by the
extent of the use" (*Mandia v King Lbr. & Plywood Co.*, 179 AD2d 150,
157; *see also Bremer v Manhattan Ry. Co.*, 191 NY 333, 338).
Plaintiffs established only that their predecessors in interest had
used and maintained Coon Run for the purpose of ingress and egress.
Such limited use does not support the order insofar as it states that
plaintiffs "shall be entitled to use the prescriptive easement . . .
for the purposes of . . . improvement, construction, maintenance,
general use and enjoyment, operating, repairing, and reconstructing a
driveway for pedestrian and vehicular use, including the right to
control the prescriptive easement area and any necessary and/or
incidental improvements thereto, including the placement of utility
services such as electric, telephone, gas, cable, water, sewer, and
other utility service; and making the required excavations and
construction therefore upon, over, across or below the land . . . . "
We therefore modify the order accordingly.

Entered:  June 17, 2011                    Patricia L. Morgan
                                           Clerk of the Court