In an action, inter alia, for a judgment declaring that the plaintiff has a prescriptive easement over certain real property consisting of a driveway adjacent to the plaintiffs real property and for injunctive relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered September 16, 2011, which denied those branches of her motion which were for summary judgment declaring that she has a prescriptive easement over the subject real property and permanently enjoining the defendants from interfering with the alleged easement, or in the alternative, to preliminarily enjoin the defendants from interfering with the alleged easement.
Ordered that the appeal from so much of the order as denied that branch of the plaintiffs motion which was to preliminarily enjoin the defendants from interfering with the alleged easement is dismissed as academic in light of our determination on the appeal from the remainder of the order; and it is further,
Ordered that the order is reversed insofar as reviewed, on the law, those branches of the plaintiffs motion which were for summary judgment declaring that she has a prescriptive easement over the subject real property and permanently enjoining the defendants from interfering with the easement are granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff has a prescriptive easement over the subject real property and permanently enjoining the defendants from interfering with that easement; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
An easement by prescription is demonstrated by proof of the adverse, open and notorious, and continuous use of the subject property for the prescriptive period (see 315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d 690, 691 [2009]; J.C. Tarr, Q.P.R.T. v Delsener, 19 AD3d 548 [2005]; see also RPAPL 501; CPLR 212; Almeida v Wells, 74 AD3d 1256, 1259 [2010]; *954 Red Wing Props., Inc. v Grosshandler, 74 AD3d 1309 [2010]). Generally, where the plaintiff demonstrates, by clear and convincing evidence, the open and notorious, continuous, and undisputed use of the subject property, it is presumed that the use was adverse, and the burden shifts to the opponent of the alleged prescriptive easement to show that the use was permissive (315 Main St. Poughkeepsie, LLC v WA 319 Main, LLC, 62 AD3d at 691).
Here, the plaintiff, through the submission of affidavits and photographs, established that her use of the portion of the driveway adjacent to her house and her detached garage, in order to gain access to her garage and for parking, was open and notorious, continuous, and undisputed from 1955 through the end of the prescriptive period (see Meyers v Carey, 75 AD3d 949 [2010]; Coverdale v Zucker, 261 AD2d 429 [1999]; see also Almeida v Wells, 74 AD3d at 1259). In opposition, the defendants did not dispute that the plaintiff used that portion of the driveway during that time period, and failed to raise a triable issue of fact as to whether the plaintiffs use of the driveway was permissive during the prescriptive period (see Dermody v Tilton, 85 AD3d 1682, 1683 [2011]; Klumpp v Freund, 83 AD3d 790, 793 [2011]; Meyers v Carey, 75 AD3d at 949; Kessinger v Sharpe, 71 AD3d 1377, 1378 [2010]).
Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment, inter alia, declaring that the plaintiff has a prescriptive easement over the subject real property (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). The judgment should also permanently enjoin the defendants from interfering with that easement. Eng, P.J., Florio, Sgroi and Miller, JJ., concur.