Bekkering v Christiana (2024 NY Slip Op 05378)

Bekkering v Christiana

2024 NY Slip Op 05378

Decided on October 31, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 31, 2024

CV-23-0759
[*1]Don Bekkering et al., Appellants,
v
Jeffrey G. Christiana et al., Respondents, et al., Defendant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

The Law Office of Laura E. Ayers, Esq., Delanson (Laura E. Ayers of counsel), for appellants.
Ianniello Anderson, PC, Clifton Park (Matthew J. Chauvin of counsel), for Jeffrey G. Christiana and another, respondents.
Trainor, Pezzulo & DeSanto PLLC, Malta (Ryan P. Pezzulo of counsel), for Garcia Management, respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Michael R. Cuevas, J.), entered March 27, 2023 in Schenectady County, upon a decision of the court in favor of defendants.
The instant action revolves around the parties' rights to use a 15-foot-wide alley located in the Village of Scotia, Schenectady County. The alley at issue begins and ends at Glen Avenue, looping around 6 Glen Avenue. Plaintiff Don Bekkering owns 6 Glen Avenue, as well as the two properties abutting the alley at its eastern boundary, 1 and 5 Mohawk Avenue. Plaintiff Shu Zhu Zheng owns 9 Mohawk Avenue, which abuts the alley to the northeast. Defendant CLJB Properties, LLC, of which defendant Jeffrey G. Christiana is a member, owns the alley itself, as well as 17 Mohawk Avenue, which abuts the alley to the northwest, and 10 Glen Avenue, which abuts it to the west. Pursuant to a lease signed in the early 1980s, Dunkin' Donuts has operated continuously on the properties owned by CLJB Properties. Defendant Garcia Management took over operation of the Dunkin' Donuts franchise in 1996 and continues to operate it today. In 2015, Garcia Management obtained approval from the Village to add, among other things, a drive-thru window to the business. Pursuant to the approved plan, the alley would be utilized as an eastbound exit-only path, with the drive-thru traffic exiting onto Glen Avenue.
In 2016, plaintiffs brought the instant action pursuant to RPAPL article 15 seeking a declaration that they had a right-of-way easement over the alley, which was formed either by prescription or through an implied grant, and enjoining Christiana, CLJB Properties and Garcia Management (hereinafter collectively referred to as defendants) from interfering with such right.[FN1] Plaintiffs also sought injunctive relief to prevent the construction of the drive-thru lane during the pendency of these proceedings, which relief was denied.[FN2] Following joinder of issue, Garcia Management moved for summary judgment dismissing the complaint and plaintiffs cross-moved for summary judgment granting it. Supreme Court (Kramer, J.) denied both motions. Upon cross-appeals therefrom, we affirmed, finding, as to the prescriptive easement claim, that the evidence proffered at that stage of the proceedings established that plaintiffs' use of the alley "was open, notorious and continuous for more than the required 10-year period," but questions of fact remained as to whether said use was hostile or permissive (180 AD3d 1276, 1280-1281 [3d Dept 2020]). We also found that questions of fact existed as to whether an easement by implication was created by the common grantor's subdivision of the subject properties and, if so, whether it had been subsequently extinguished, as plaintiffs failed to establish a complete chain of title (id. at 1278-1279). Following a nonjury trial, Supreme Court (Cuevas, J.) found that plaintiffs failed to establish entitlement to an easement under either theory. Consequently, the court dismissed the complaint and [*2]removed any cloud of title in the alley in favor of CLJB Properties. Plaintiffs appeal.
"When reviewing an appeal from a nonjury trial, we have broad authority to independently consider the evidence and render [the] determination warranted by the record . . . [,] accord[ing] considerable deference to the trial court's factual findings" (Kallman v Krupnick, 67 AD3d 1093, 1094-1095 [3d Dept 2009] [internal quotation marks and citations omitted], lv denied 14 NY3d 703 [2010]; see Matter of Curtis, 83 AD3d 1182, 1183 [3d Dept 2011]). "A party claiming a prescriptive easement must show, by clear and convincing evidence, that the use of the easement was open, notorious, hostile and continuous for a period of 10 years. Once the other elements are established, hostility is generally presumed, thus shifting the burden to the defendant to demonstrate that the use was permissive" (Rosenzweig v Howlan, 166 AD3d 1146, 1148 [3d Dept 2018] [internal quotation marks and citations omitted]; see Rensselaer Polytechnic Inst. v Schubert, 170 AD3d 1307, 1310-1311 [3d Dept 2019]). To rebut the presumption of hostility, the defendant must demonstrate that, during the prescriptive period, express permission was given or that permission can be inferred due to the existence of a relationship of neighborly cooperation and accommodation (see Mentiply v Foster, 201 AD3d 1051, 1058 [3d Dept 2022]; McNeill v Shutts, 258 AD2d 695, 696 [3d Dept 1999]; Van Deusen v McManus, 202 AD2d 731, 733 [3d Dept 1994]). If such a relationship is established, the burden rests with the plaintiff to demonstrate hostility through affirmative facts that show that the use was adverse to the interests of the defendant (see LaBarge v MJB Lake LLC, 220 AD3d 1100, 1104 [3d Dept 2023]; McNeill v Shutts, 258 AD2d at 696; Caswell v Bisnett, 50 AD2d 672, 673 [3d Dept 1975], lv denied 38 NY2d 709 [1976]).
As defendants concede, plaintiffs established that they and their predecessors in interest used the alley in a manner that was open, notorious and continuous, dating back to 1973 and continuing through the commencement of this action in 2016 (see e.g. Auswin Realty Corp. v Klondike Ventures, Inc., 163 AD3d 1107, 1108-1109 [3d Dept 2018]; Meyers v Carey, 75 AD3d 949, 949-950 [3d Dept 2010]). Bekkering testified that, since he purchased and began operating a funeral home out of 1 Mohawk Avenue in January 1973, he has used the alley to line up vehicles for funeral processions and that he, his customers and vendors have used the alley to access his business. He further asserted that he never sought permission to use the alley, that he was never denied access thereto and that the alley had similarly been used by the residents and by the patrons and vendors of businesses in the subject properties. Bekkering's observations were corroborated by the other fact witnesses, including Zheng, Christiana, the two principals of Garcia Management, a witness who resided at 6 Glen Avenue from 1986 through 1993 and a witness [*3]who has resided at 5 Mohawk Avenue since 1993. As such, the burden shifted to defendants to establish that such use was permissive (see Rosenzweig v Howlan, 166 AD3d at 1148).
In finding that plaintiffs' use of the alley was permissive, Supreme Court primarily relied on conduct of neighborly cooperation and accommodation between Bekkering and the principals of Garcia Management. However, Garcia Management took over operation of the Dunkin' Donuts franchise in 1996, and the record is devoid of evidence regarding plaintiffs' relationship with the prior operators of the Dunkin' Donuts franchise. As such, even deferring to Supreme Court's finding that a neighborly relationship existed between Bekkering and Garcia Management starting in 1996, such relationship would not serve to retroactively extinguish any prescriptive easement that may have vested before 1996 (see e.g. Meyers v Carey, 75 AD3d at 949-950; Fila v Angiolillo, 88 AD2d 693, 693 [3d Dept 1982], lv denied 57 NY2d 609 [1982]).[FN3] We thus turn our attention to the record evidence to determine whether defendants established that use of the alley by plaintiffs and their predecessors in interest between 1973 and 1995 was permissive.
Defendants contend that, when Christiana purchased 17 Mohawk Avenue in 1980, any use of the alley automatically became permissive because he allowed plaintiffs and their predecessors to use the alley. However, Christiana's blanket assertion that he quietly allowed the neighbors to use the alley was insufficient, as silent acquiescence to a neighbor's use of the property does not establish permission (see e.g. Rosenzweig v Howlan, 166 AD3d at 1149; Barlow v Spaziani, 63 AD3d 1225, 1226-1227 [3d Dept 2009]).[FN4] Indeed, Christiana admitted that he never provided any of his neighbors with written or verbal notice that he was permitting their use of the alley (compare Mastbeth v Shiel, 218 AD3d 987, 989-990 [3d Dept 2023]; Asche v Land & Bldg. Known as 64-29 232nd St., 12 AD3d 386, 387 [2d Dept 2004]). Further, Christiana explained that he had "an absolute lease" with Dunkin' Donuts, requiring the franchise operator to handle all of the maintenance for the property. As a result, Christiana had minimal involvement with the subject properties, and he admitted that he did not "really know" Bekkering. In the absence of any proof that plaintiffs and defendants (or their predecessors in interest) had a relationship of neighborly cooperation and accommodation between 1973 and 1995, defendants failed to rebut the presumption of hostility (see Rensselaer Polytechnic Inst. v Schubert, 170 AD3d at 1310-1311; Meyers v Carey, 75 AD3d at 949-950; Miller v Bettucci, 89 AD2d 706, 706-707 [3d Dept 1982]), and Supreme Court erred in dismissing the complaint. Consequently, the order on appeal is reversed, and we find that plaintiffs established, by clear and convincing evidence, their entitlement to a prescriptive easement over the alley.
In light of this determination, plaintiffs' claim to [*4]an easement by implication has been rendered academic. Nevertheless, we note that the deeds from the common grantor subdividing the subject properties did not reflect an intent to create an easement in the alley, and that those deeds make no reference to the subdivision map prepared for the common grantor's predecessor in interest (compare Cashman v Shutter, 226 AD2d 961, 962-963 [3d Dept 1996]). To the extent not expressly addressed herein, plaintiffs' remaining contentions have been examined and are either academic or meritless.
Pritzker, Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law and the facts, without costs, and it is declared that Don Bekkering and Shu Zhu Zheng are granted a right-of-way easement by prescription over the 15-foot-wide alley located in the Village of Scotia, Schenectady County, as that property is described in a deed dated October 16, 1971 and filed in the Schenectady County Clerk's Office at Book 951, Page 356 on October 21, 1971.

Footnotes

Footnote 1: The complaint also named defendant Village of Scotia, but the Village took no part in the action or in the instant appeal.

Footnote 2: Although not directly set forth in this record, it appears that the drive-thru lane opened in or around 2018.

Footnote 3: Defendants raise no contention that a prescriptive easement, if formed, was extinguished. Rather, their argument centers on the assertion that the neighborly relationship prevented the formation of said easement.

Footnote 4: During his testimony, Christiana speculated that he would have taken action if any neighbor had obstructed the alley. Supreme Court sustained an objection to such testimony but then, curiously, relied on that assertion in its decision.