(88 App. Div. 246.)

KLUG v. JEFFERS et ux.

(Supreme Court, Appellate Division, Third Department. November 11, 1903.)

1. STREETS—DEDICATION—BY WHOM MADE.

The owner of property cannot, by selling the same with reference to a map designating property not owned by him as a public street, dedicate such property as a street, nor does his grantee acquire any easement in such property to have it kept open for purposes of access to his property.

2. SAME—INTENT—PROOF.

A dedication, to be effectual, must be by the owner of the land, and his intent to dedicate is absolutely essential and must clearly appear in order to deprive him of his land.

¶ 2. See Dedication, vol. 15, Cent. Dig. § 6.

**8. SAME—ESTOPPEL.**

    That the owner of a lot acted as attorney for an adjoining owner drawing up deeds to such adjoining owner's land, which described his own land as a street, took the acknowledgment of such deeds, and employed a surveyor to make a map which described the lot as a street, and filed it, acting merely for the adjoining owner, is insufficient, in the absence of a dedication by him, to deprive his grantees of title to the lot on the principle of estoppel, where he never authorized the making of such a map, and never consented to a street being opened there, and as a matter of fact the lot was always fenced, and was never opened for, or used as, a street.

    Smith and Houghton, JJ., dissenting.

Appeal from Judgment on Report of Referee.

Action by George J. Klug against Lewis Jeffers and Catherine Jeffers, his wife. From a judgment for plaintiff, entered on the report of a referee, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Robert J. Landon, for appellants.
John D. Miller, for respondent.

CHESTER, J. The action is in equity to restrain the defendants from building on a lot claimed by the plaintiff to be a public street adjoining premises owned by him in the village of Scotia. The defendants deny that the lands on which they are building is a public street, and that the plaintiff has any interest or easement therein. The issue was tried by a referee, who reported that the land, 50 feet wide by 150 feet deep, upon which defendants were commencing to build, was a public street, and that the plaintiff, as owner of the adjoining lot, was entitled to an injunction restraining the defendants from building upon such lot and requiring them to remove the foundation walls and other portions of their building therefrom. From the judgment entered upon that report the defendants have appealed.

The premises owned by the plaintiff, as well as the alleged street lot, both formerly belonged to one Charles P. Sanders, the father of Charles P. Sanders, Jr., and L. Ten Broeck Sanders. In December, 1890, the lot occupied and owned by the plaintiff, with other premises, was conveyed by a referee's deed in foreclosure to L. Ten Broeck Sanders, and the premises upon which the defendants are building, with other premises, were conveyed by another referee's deed in foreclosure to Charles P. Sanders, Jr. The division line between the lands of L. Ten Broeck Sanders and the lands of Charles P. Sanders, Jr., which they respectively acquired under such referees' deeds, is the westerly line of the premises claimed by the plaintiff to be a street, and the easterly line of the premises owned by the plaintiff. The plaintiff and his wife derived their title in February, 1899, from one Osborne, who procured it from one Hardin, who received it under a deed from L. Ten Broeck Sanders, dated March 27, 1897. No one of these deeds referred in any way to the property being bounded by a street on the easterly side, but each of the deeds referred to the lot as being a portion of lot 46, as designated on a map of the C. P. Sanders property in the village of Scotia, filed in the Schenectady

county clerk's office. The plaintiff's wife having died, he is the sole owner of the premises, as survivor. Charles P. Sanders, Jr., conveyed the lot claimed by the plaintiff to be a public street to the defendants by warranty deed dated November 26, 1900. L. Ten Broeck Sanders never owned the lot so conveyed, and Charles P. Sanders, Jr., never owned lot No. 46. The plaintiff seeks to show that the lot occupied by the defendants has been dedicated to the public as a street, and that the plaintiff is entitled to have it kept open as such. It is urged that it was designated as a street on certain maps filed as public records, and that the owner has made conveyances of lots designated upon such maps with reference to such a street thereon. This claim is based upon two maps and two deeds. One map, designated "Map of Lots Belonging to the C. P. Sanders Property in the Village of Scotia," was filed January 26, 1891; and the other, bearing the same designation, was filed March 21, 1892. In each of these maps an open space 50 feet wide by 150 feet deep is indicated upon the easterly side of the premises now owned by the plaintiff. Although this open space is not called a street, and is not named as such on either of the maps—notwithstanding on each of them streets are designated by name—yet an inspection of the maps would naturally indicate to an observer that the open space was intended by the draftsman to represent a street. However, to show that the open space was intended to represent a street, and not a lot, as claimed by the defendants, the surveyor who made the map was permitted to swear over the objection of the defendants that the open space was intended to show a street. Two deeds, each of a lot shown upon the first of these maps, were received in evidence—one made in 1892, and one in 1893. They were each given by L. Ten Broeck Sanders, and located the lots conveyed by reference to this alleged street. Neither of them, however, were given to the plaintiff or his predecessor in title.

It cannot be doubted that when the owner of land lays it out into distinct lots, with intersecting streets, and sells the lots with reference to such streets, his grantee or successors cannot afterwards be deprived of the benefit of having such streets kept open, and the purchaser and his grantees have an easement in the street for the purposes of access, which is a property right. Lord v. Atkins, 138 N. Y. 184, 33 N. E. 1035. But that is not this case. That is where the owner makes the dedication in that way, but I know of no authority holding that an owner may, by making and filing a map showing a street over his neighbor's land adjoining his property, dedicate such neighbor's land to a public use. L. Ten Broeck Sanders never owned the land now claimed to be a public street lying easterly of plaintiff's lot, and hence could not dedicate any of that land as a street by mapping, and selling with reference to the map. On the other hand, Charles P. Sanders, Jr., never owned plaintiff's lot, and never made any conveyances of property with reference to the maps filed or referring to the open space shown on the maps as a public street.

It is not seriously contended, however, that L. Ten Broeck Sanders could dedicate his brother's property to a public use by filing maps and making conveyances with reference to such maps. But it is urged that the conduct of Charles P. Sanders, Jr., with reference to the maps

.and the conveyances made by his brother is effectual as an estoppel as against him and his grantees, and the referee undoubtedly decided the case in favor of the plaintiff upon that theory. The proof in support of that view on the part of the plaintiff is substantially that Charles P. Sanders, Jr., acted as attorney for his brother, and drew ·some of the deeds under the employment of his brother, where reference has been made to the lot occupied by the defendants as a street; that he took the acknowledgment to some of them as a notary; that he employed the surveyor to make one of the maps, and that he filed one of them in the clerk's office. The referee found as a fact that L. Ten Broeck Sanders caused the plot of land to be laid out in building lots and streets, and caused the map thereof to be filed in the clerk's office. Charles testified that he acted for his brother in whatever he did concerning the maps; that he never authorized his brother to make a map which would embrace any part of his lands, or the lot in question, or designate it as a public street; and that he never consented to a street being opened there. More than this, the evidence is clear that the lot was always fenced, and was never in fact open to or used by the public or any one else as a street. The dedication, to be effectual, must be by the owner of the land. Dillon, Munic. Corp. (4th Ed.) § 635. An intent on the part of the owner to dedicate is absolutely essential, and, to deprive the proprietor of his land, the intent to dedicate must clearly and satisfactorily appear. Id. § 636; Niagara Falls Susp. Bridge Co. v. Bachman, 66 N. Y. 261. In the case last cited it was said: "The acts and declarations of the landowner indicating the intent to dedicate his land to the public use must be unmistakable in their purpose, and decisive in their character, to have the effect of a dedication." Here there has been no dedication by Charles, the owner, and the evidence upon which an estoppel is claimed as against him is altogether insufficient, in the absence of dedication by him, in my opinion, to deprive his grantees of the title to the premises he conveyed to them, or to subject their premises to the easement claimed by the plaintiff.

The judgment should be reversed on the law and on the facts, the referee discharged, and a new trial granted, with costs to appellant to abide the event. All concur, except SMITH and HOUGHTON, JJ., who dissent.