Kopp v Rhino Room, Inc. (2021 NY Slip Op 01923)





Kopp v Rhino Room, Inc.


2021 NY Slip Op 01923


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


918 CA 19-01688

[*1]HAROLD D. KOPP, PLAINTIFF-RESPONDENT,
v
RHINO ROOM, INC., DEFENDANT-APPELLANT. 






THE KNOER GROUP, PLLC, BUFFALO (ROBERT E. KNOER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
HODGSON RUSS LLP, BUFFALO (HENRY A. ZOMERFELD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 21, 2019. The order, inter alia, granted plaintiff's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's motion insofar as it sought summary judgment on the complaint and insofar as it sought dismissal of defendant's first counterclaim, and reinstating that counterclaim, and as modified the order is affirmed without costs.
Memorandum: Plaintiff and defendant own adjoining parcels of property, acquired in 1996 and 2000, respectively. An easement on defendant's property appears in the recorded chain of title and benefits plaintiff's property. Plaintiff commenced this action seeking, inter alia, to quiet title to the easement pursuant to RPAPL article 15 and alleging that he has a valid easement and that defendant has been obstructing his use of that easement. Defendant answered and asserted several counterclaims, including a counterclaim to quiet title to the easement on the ground of adverse possession. Plaintiff moved for summary judgment on his complaint and dismissing defendant's counterclaims, and defendant moved for summary judgment on its first counterclaim, alleging adverse possession. Supreme Court granted plaintiff's motion in its entirety and denied defendant's motion. Defendant appeals.
We note at the outset that defendant has abandoned any contentions concerning its second and third counterclaims inasmuch as it has failed to address those claims on appeal (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We reject defendant's contention that the court erred in denying its motion. An easement created by grant can be extinguished by adverse possession (see Spiegel v Ferraro, 73 NY2d 622, 625 [1989]). In order to extinguish an easement by adverse possession, a party must "establish that the use of the easement has been adverse to the owner of the easement, under a claim of right, open and notorious, exclusive and continuous for a period of 10 years" (id.). Thus, "an easement may be lost by adverse possession if the owner or possessor of the servient estate claims to own it free from the private right of another, and excludes the owner of the easement, who acquiesces in the exclusion for [the prescriptive period]" (id. at 626 [internal quotation marks omitted]; see Gold v Di Cerbo, 41 AD3d 1051, 1054 [3d Dept 2007], lv denied 9 NY3d 811 [2007]; Zeledon v MacGillivray, 263 AD2d 904, 905 [3d Dept 1999]).
"A party claiming adverse possession may establish possession for the statutory period by 'tacking' the time that the party possessed the property onto the time that the party's predecessor adversely possessed the property" (Munroe v Cheyenne Realty, LLC, 131 AD3d 1141, 1142 [2d Dept 2015], lv denied 27 NY3d 904 [2016]). "Tacking is permitted where there is an 'unbroken chain of privity between the adverse possessors' " (id.). "For tacking to apply, a party must show that the party's predecessor 'intended to and actually turned over possession of the undescribed [*2]part with the portion of the land included in the deed' " (id., quoting Brand v Prince, 35 NY2d 634, 637 [1974]; see Avraham v Lakeshore Yacht & Country Club, 278 AD2d 842, 842-843 [4th Dept 2000]). Contrary to defendant's contention, it failed to meet its initial burden on the motion of establishing that the 10-year period could be satisfied by tacking on the periods of adverse possession or use by its predecessor. Notably, defendant submitted no evidence detailing its predecessor's use of the disputed easement (see Diaz v Mai Jin Yang, 148 AD3d 672, 674 [2d Dept 2017]).
We similarly conclude that defendant failed to meet its initial burden of establishing that it extinguished the easement by way of adverse possession from the time of its purchase of the property in 2000 until the end of the statutory period in 2010. In 2008, the legislature enacted sweeping amendments to the provisions of the RPAPL governing claims of adverse possession (see L 2008, ch 269). As amended, RPAPL 501 (3) now defines claim of right as "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be." The 2008 amendments apply to this time period, i.e., 2000-2010, inasmuch as the purported adverse possession could not vest prior to the enactment of the statute (see Reyes v Carroll, 137 AD3d 886, 887 [2d Dept 2016]). Here, we conclude that defendant failed to establish by clear and convincing evidence that its use and possession of the easement was under a claim of right as defendant failed to show, as a matter of law, a reasonable basis for the belief that the property belonged to it alone, free from the burden of an easement (see RPAPL 501 [3]; Fini v Marini, 164 AD3d 1218, 1220 [2d Dept 2018]).
We agree with defendant, however, that plaintiff was not entitled to summary judgment on his complaint or dismissing defendant's first counterclaim. Plaintiff's complaint included three causes of action, the success of which required a finding of the continued existence of a valid easement. Similarly, to warrant summary judgment dismissing defendant's first counterclaim, plaintiff was required to demonstrate that the easement had not been extinguished by adverse possession. Here, however, the record establishes that defendant's use of the easement has been adverse to the owner of the easement, open and notorious, and continuous for a period of 10 years, and plaintiff did not meet his initial burden on his motion of establishing, as a matter of law, that the use was not under a claim of right as that term is defined by statute (see RPAPL 501 [3]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We therefore modify the order by denying plaintiff's motion insofar as it sought summary judgment on the complaint and insofar as it sought summary judgment dismissing defendant's first counterclaim, alleging that the easement was extinguished by adverse possession, and we reinstate that counterclaim.
As a final note, we must again express our frustration to the trial courts that choose not to issue formal decisions (see generally Cangemi v Yeager, 185 AD3d 1397, 1398 [4th Dept 2020]; Doucette v Cuviello, 159 AD3d 1528, 1528 [4th Dept 2018]; McMillian v Burden, 136 AD3d 1342, 1343 [4th Dept 2016]). This case involved competing summary judgment motions, and the trial court chose not to write. To maximize effective appellate review, we must remind our colleagues in the trial courts to provide their reasoning instead of simply issuing orders.
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court