CJA Realty Holdings, LP v 14 Phila St. LLC (2022 NY Slip Op 04208)

CJA Realty Holdings, LP v 14 Phila St. LLC

2022 NY Slip Op 04208

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533419
[*1]CJA Realty Holdings, LP, Respondent,
v
14 Phila Street LLC et al., Appellants, et al., Defendants.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Carusone & Carusone, Saratoga Springs (John J. Carusone Jr. of counsel), for 14 Phila Street LLC, appellant.
Dalton Law Firm, Saratoga Springs (Alisa Dalton of counsel), for Harvey's of Saratoga, Inc., appellant.
Mandel Clemente, PC, East Greenbush (Linda A. Mandel Clemente of counsel), for respondent.

Clark, J.
Appeal from an order of the Supreme Court (J. Walsh, J.), entered October 8, 2020 in Saratoga County, which, among other things, granted plaintiff's cross motion for summary judgment.
Plaintiff and defendant 14 Phila Street LLC own adjoining real property in the City of Saratoga Springs, Saratoga County. Specifically, plaintiff owns property at 358 Broadway, while 14 Phila Street owns property at 14 Phila Street. Defendant Harvey's of Saratoga, Inc. leases the property from 14 Phila Street and operates a restaurant at that location. In 2017, plaintiff commenced this action against, among others, 14 Phila Street and Harvey's of Saratoga (hereinafter collectively referred to as defendants), seeking to enforce its purported right to use a 20-foot-wide easement burdening defendants' property for the purpose of vehicular ingress and egress. In its first and fourth causes of action, plaintiff requested injunctive relief directing defendants to remove all structures and encroachments on the easement and a declaration that defendants have an obligation to maintain the easement free from obstructions that would interfere with its right to use the easement for ingress and egress. Defendants separately joined issue and, as relevant here, each interposed a counterclaim against plaintiff, alleging that a portion of the easement — namely, that portion which is enclosed by a fence and used for outdoor seating and dining — had been extinguished by adverse possession. Plaintiff replied to the counterclaims and discovery ensued. Thereafter, defendants jointly moved for summary judgment dismissing the complaint and for an order directing judgment in their favor on their counterclaims. Plaintiff opposed the motion and cross-moved for summary judgment dismissing defendants' counterclaims and for a judgment granting the requested injunctive and declaratory relief. Supreme Court denied defendants' motion and granted plaintiff's cross motion. Defendants appeal.[FN1]
Defendants assert that the evidence submitted in support of their motion demonstrated, as a matter of law, that the easement burdening their property was extinguished in 2007 by adverse possession [FN2] and that, therefore, Supreme Court should have granted their motion for summary judgment on their counterclaims, denied plaintiff's cross motion for summary judgment and dismissed the complaint. An easement created by grant may be extinguished by adverse possession if the party seeking to extinguish the easement established, by clear and convincing evidence, that its use of the easement was hostile and under a claim of right, open and notorious, actual, exclusive and continuous for a period of 10 years (see Spiegel v Ferraro, 73 NY2d 622, 625 [1989]; EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1163 [2021], lv dismissed 37 NY3d 1103 [2021]). A presumption that the use was hostile generally arises once all other elements of the adverse possession claim are established, thereby shifting the burden to [*2]the opposing party to demonstrate that the use was permissive (see Estate of Becker v Murtagh, 19 NY3d 75, 81-82 [2012]; Bekkering v Christiana, 180 AD3d 1276, 1279 [2020]). "However, permission can be inferred when the relationship between the parties is one of neighborly cooperation and accommodation, in which case no presumption of hostility will arise" (Schwengber v Hultenius, 160 AD3d 1083, 1084 [2018] [internal quotation marks and citations omitted]; accord Bekkering v Christiana, 180 AD3d at 1279-1280).
In support of their motion for summary judgment on their counterclaims, defendants submitted evidence demonstrating that one of their predecessors in interest purchased the 14 Phila Street property in 1995 and thereafter expressly created an easement granting certain adjoining property owners — including the owners of the 358 Broadway property — the right to traverse the Phila Street property for the purpose of ingress and egress to their adjoining properties. Defendants' evidence established that, mere months after creating the easement, one of their predecessors in interest began using a portion of the easement for outdoor seating and dining and constructed a fence around the outdoor seating area, which restricted use of the easement for its stated purpose. Defendants submitted evidence in the form of an affidavit and deposition testimony, which taken together demonstrated that, although the nature and type of fencing may have changed over the years, the outdoor seating and dining area was enclosed by a fence beginning in 1997 and remained that way for a continuous period of at least 10 years. Contrary to Supreme Court's conclusion, evidence of the fence's continued existence and the ongoing use of the outdoor seating and dining area demonstrates that, although 14 Phila Street was transferred to another of defendants' predecessors in interest in 2008, the successive periods of adverse possession between the property's prior owners could be tacked to reach the prescriptive 10-year period (see generally Brand v Prince, 35 NY2d 634, 637 [1974]; compare Kopp v Rhino Room, Inc., 192 AD3d 1690, 1691 [2021]). In short, defendants made a prima facie showing that their predecessors' use of the disputed portion of the easement was actual, open, notorious, exclusive and continuous for the prescriptive period (see Spiegel v Ferraro, 73 NY2d at 627-628; compare Gold v Di Cerbo, 41 AD3d 1051, 1054 [2007], lv denied 9 NY3d 811 [2007]). Although a presumption of hostility would ordinarily arise under these circumstances (see Estate of Becker v Murtagh, 19 NY3d at 81-82), defendants' own submissions raise a question of fact as to whether use of the easement for enclosed outdoor seating and dining was permissive and under a claim of right (see Bekkering v Christiana, 180 AD3d at 1280-1281). Accordingly, Supreme Court properly denied defendants' motion for summary judgment (see id.; Kheel v Molinari, 165 AD3d 1576, 1578 [2018], lv denied 32 NY3d 1194 [*3][2019]).
Turning to plaintiff's cross motion, relying on different proof than defendants, plaintiff has attempted to demonstrate that defendants' possession and use of the disputed portion of the easement was permissive, rather than hostile. However, plaintiff's submissions do not establish its entitlement to summary judgment as a matter of law, as a question of fact remains as to whether defendants' predecessors in interest had implied permission to use a portion of the easement for enclosed outdoor seating and dining (see Barra v Norfolk S. Ry. Co., 75 AD3d 821, 825 [2010]). As such, Supreme Court erred in granting plaintiff's cross motion for summary judgment dismissing defendants' counterclaims and for judgment on its first and fourth causes of action (see Bekkering v Christiana, 180 AD3d at 1280-1281; Barlow v Spaziani, 63 AD3d 1225, 1226-1227 [2009]).
Egan Jr., J.P., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.

Footnotes

Footnote 1: We reject plaintiff's contention that this Court lacks subject matter jurisdiction over the appeal because defendants failed to timely serve their notices of appeal after having been granted an extension to do so. Although defendants served their notices of appeal upon plaintiff after the deadline set by this Court (see 2021 NY Slip Op 68020[U]), in the absence of any demonstrated prejudice flowing from the untimely service of the notices of appeal, we excuse defendants' failure in an exercise of our discretion (see CPLR 2001, 5520 [a]; M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]).

Footnote 2: Because defendants maintain that the easement was extinguished in 2007, the 2008 amendments to RPAPL article 5 do not apply (see LS Mar., LLC v Acme of Saranac, LLC, 174 AD3d 1104, 1106 n 6 [2019]; Bergmann v Spallane, 129 AD3d 1193, 1194 n 2 [2015]).