Guan v EZC Carolinas, LLC (2023 NY Slip Op 06295)

Guan v EZC Carolinas, LLC

2023 NY Slip Op 06295

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

536163
[*1]Hongwei Guan et al., Appellants,
v
EZC Carolinas, LLC, Respondent, et al., Defendants.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

The Crossmore Law Office, Ithaca (Edward Y. Crossmore of counsel), for appellants.
Schlather, Stumbar, Parks & Salk, LLP, Ithaca (Jacob P. McNamara of counsel), for respondent.

Fisher, J.
Appeal from an order of the Supreme Court (Elizabeth Aherne, J.), entered August 31, 2022 in Tompkins County, which denied plaintiffs' motion for, among other things, partial summary judgment.
This property dispute involves a shed that sits between two residences on adjoining parcels in the City of Ithaca, Tompkins County. In 2006, plaintiffs became the titled owners of the western parcel and began using a shed that was fully located to the east of their boundary line.[FN1] In 2021, defendant EZC Carolinas, LLC (hereinafter defendant) became the titled owner of the eastern parcel and subsequently constructed a fence along the boundary line — resultantly enclosing the shed within defendant's parcel. Plaintiffs commenced this action seeking, among other things, to permanently enjoin defendant from maintaining the fence that prevents them from accessing the shed, claiming that they were the fee owners of the disputed area through adverse possession.[FN2] After defendant joined issue and before the completion of discovery, plaintiffs moved for partial summary judgment on their cause of action for a permanent injunction, which was opposed by defendant. From a bench decision reduced to a form order, Supreme Court denied plaintiffs' motion in its entirety. Plaintiffs appeal.
We affirm. In order "[t]o demonstrate ownership of the disputed area by adverse possession, plaintiffs bore the burden of showing by clear and convincing evidence that the character of the possession was hostile and under a claim of right, actual, open and notorious, exclusive and continuous for the statutory period of 10 years" (Hamil v Casadei, 214 AD3d 1177, 1177 [3d Dept 2023] [internal quotation marks, brackets, ellipsis and citations omitted]; see RPAPL 501 [2]; see also Walling v Przybylo, 7 NY3d 228, 232 [2006]). In 2008, as a direct response to the Court of Appeals decision in Walling, the Legislature enacted sweeping and material amendments to the provisions of the RPAPL governing claims of adverse possession (see Senate Introducer's Mem in Support, Bill Jacket, L 2008, ch 269). As amended, a claim of right is now defined as "a reasonable basis for the belief that the property belongs to the adverse possessor or property owner, as the case may be" (RPAPL 501 [3]). Notably, the amendments also added RPAPL 543 (1), which provides that "the existence of de [minimis] non-structural encroachments including . . . sheds . . . shall be deemed to be permissive and non-adverse." Although the 2008 amendments do not retroactively apply in matters where a party had acquired title by adverse possession prior to its enactment (see Church of St. Francis De Sales v McGrath, 200 AD3d 1267, 1268 n 2 [3d Dept 2021]; Franza v Olin, 73 AD3d 44, 47 [4th Dept 2010]), such amendments will apply when "the purported adverse possession could not vest prior to the enactment of the statute" (Kopp v Rhino Room, Inc., 192 AD3d 1690, 1692 [4th Dept 2021]; see Reyes v Carroll, 137 AD3d 886, 887 [2d Dept 2016]).
Initially[*2], the 2008 amendments apply in this matter because the record fails to demonstrate any 10-year period before their enactment that could have allowed plaintiffs' title to vest (see Kopp v Rhino Room, Inc., 192 AD3d at 1692; Reyes v Carroll, 137 AD3d at 887; compare CJA Realty Holdings, LP v 14 Phila St. LLC, 206 AD3d 1520, 1521 n 2 [3d Dept 2022]). Therefore, applying the amended language of the RPAPL, the record also fails to demonstrate by clear and convincing evidence whether plaintiffs had a "reasonable basis" for their belief that the disputed area and shed belonged to them (RPAPL 501 [3]). Nor did plaintiffs establish, as a matter of law, that the shed was not a de minimis encroachment (see RPAPL 543 [1]; Matter of N47 Assoc. LLC v Jemsco Realty LLC, 218 AD3d 413, 415-416 [1st Dept 2023]; Wright v Sokoloff, 110 AD3d 989, 990-991 [2d Dept 2013]). Although plaintiffs contend that the shed is approximately 10 feet by 20 feet and extends roughly 23 feet into defendant's parcel, it is also described in the record as a "moveable shed" and the record includes a request to relocate the shed or pay rent if it is left in its current location. Based on the foregoing, Supreme Court properly denied plaintiffs' motion for partial summary judgment. The remaining contentions of the parties, to the extent that they are properly before us and have not been rendered academic by the foregoing,[FN3] have been examined and found to lack merit.
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Plaintiff Hongwei Guan initially owned the property alone and, in 2010, conveyed the property via quit claim deed to himself and his wife, plaintiff Yue Hao.

Footnote 2: Plaintiffs also commenced this action against the principal of defendant and the company that built the fence.

Footnote 3: Defendant's argument for costs and counsel fees is denied (see 22 NYCRR 130-1.1 [d]). Although plaintiffs appear to have misinterpreted Supreme Court's determination related to their partial summary judgment motion, given that the bench decision after oral argument applied the facts to the law in two sentences and was distilled into a one-sentence form order, we do not find such misinterpretation to be frivolous when considering "the circumstances under which the conduct took place" (22 NYCRR 130-1.1 [c]; see CPLR 2219 [a]; Brown v 303 W. 42nd St. Realty Corp., 240 AD2d 248, 249 [1st Dept 1997]; see generally Charalabidis v Elnagar, 188 AD3d 44, 53 [2d Dept 2020]).