JMMJ Dev., LLC v Town of Greenport (2023 NY Slip Op 06779)

JMMJ Dev., LLC v Town of Greenport

2023 NY Slip Op 06779

Decided on December 28, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 28, 2023

535418
[*1]JMMJ Development, LLC, Appellant,
v
Town of Greenport, Respondent.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

O'Connell & Aronowitz, Albany (Kevin Laurilliard of counsel), for appellant.
Barclay Damon LLP, Syracuse (Kevin G. Roe of counsel), for respondent.

Mackey, J.
Appeal from an order of the Supreme Court (Henry F. Zwack, J.), entered May 4, 2022 in Columbia County, which, among other things, granted defendant's motion for (1) summary judgment dismissing the amended complaint, and (2) summary judgment on defendant's counterclaim.
In November 2017, plaintiff, a domestic limited liability company, purchased real property in defendant Town of Greenport, Columbia County, from Alva Stalker. Sometime thereafter plaintiff's principal, Joseph Melino, met with John Mokszycki, superintendent of defendant's Water and Sewer Department, to discuss his development plans for the property. At that meeting, Mokszycki informed Melino that defendant's sewer and water lines cross the property and showed him maps depicting the location of the lines. Plaintiff thereafter commenced this action, claiming that defendant has no valid easement over the property and the presence of its lines thereon is unlawful. Plaintiff demands judgment quieting title in its favor, an injunction directing defendant to remove the sewer and water lines, and damages for trespass and nuisance. Defendant answered and asserted a counterclaim, seeking a declaration that it has an easement over the property for use of its sewer and water lines. Following completion of discovery, defendant moved for summary judgment dismissing the amended complaint and granting its counterclaim, contending that plaintiff was on notice of its easement prior to purchasing the property, and plaintiff cross-moved for summary judgment on its claims. Supreme Court granted defendant's motion and denied plaintiff's cross-motion. Plaintiff appeals.
In 1971, defendant authorized the creation and construction of Sewer District No. 2 (hereinafter the District). Construction drawings for the District, completed in 1976, depict proposed sewer and water lines crossing the property in question, then owned by Earl and Alva Stalker, together with a proposed 20-foot wide permanent sewer easement. On February 7, 1979, defendant adopted Resolution No. 8-1979, authorizing a $13,800 payment to the Stalkers to acquire property and easement rights for the sewer project, and construction records show that the lines were subsequently installed on the Stalkers' property.[FN1] Defendant's check register includes an entry for a check in the amount of $13,800 payable to the Stalkers for "Property & Easement Rights Per Board Resolution 8-1979."
In 2013, Alva Stalker put the property up for sale and commissioned a survey of it by the firm of Plass, Rockefeller & Nucci, LLC, professional land surveyors. She provided the surveyor with a 1979 letter from defendant offering the Stalkers $13,800 for, among other things, a sewer easement acquired by defendant on behalf of the District. She also gave the surveyor a written metes and bounds description of the easement, which defendant had enclosed with the letter. The letter stated that defendant had acquired its property interest through the power of eminent domain [*2]and that the $13,800 offer was based upon defendant's highest approved appraisal, in accordance with the EDPL. The field notes from the 2013 survey show that manholes associated with the sewer line were located in the process of preparing the survey. When completed, the 2013 survey depicted a 20-foot wide "Town of Greenport Sewer Easement" crossing the Stalker property, with the manholes located, and also depicted a sewer pump station on adjoining "Lands of Town of Greenport."
Melino learned that the Stalker property was for sale and, sometime in 2016, he contacted a real estate agent to begin purchase negotiations. The parties entered into a purchase contract sometime between May and July 2017.[FN2] Prior to the closing, plaintiff retained Crawford & Associates Engineering & Land Surveying, professional land surveyors, to prepare an update to the 2013 survey. That update confirmed the existence of a 20-foot wide "Town of Greenport Sewer Easement" crossing the property. A title insurance policy was also prepared for the transaction. Although no recorded sewer easement was found, the policy referenced the 2017 survey and specifically excepted from coverage "the rights of the Town of Greenport and others in and to the use of said sewer easement." With this knowledge, plaintiff went forward and purchased the property.
Although a good faith purchaser for value is not bound by an easement that is not properly recorded prior to the purchase of the encumbered property (see Real Property Law § 291; Andy Assoc. v Bankers Trust Co., 49 NY2d 13, 16-17 [1979]; Schulz v Dattero, 104 AD3d 831, 834 [2d Dept 2013]), "[t]he status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [2d Dept 1997], lv dismissed 91 NY2d 921 [1998]; see Rensselaer Polytechnic Inst. v Schubert, 170 AD3d 1307, 1312 [3d Dept 2019]; Stasack v Dooley, 292 AD2d 698, 700 [3d Dept 2002]; Strnad v Brudnicki, 200 AD2d 735, 737 [2d Dept 1994]). Notice sufficient to grant summary judgment has been found where a purchaser, prior to its acquisition of servient land, had actual notice of an easement thereon by virtue of it being excepted in its title insurance policy (see Baiting Hollow Props., LLC v Knolls of Baiting Hollow, LLC, 89 AD3d 776, 778 [2d Dept 2011]).
To prevail on its counterclaim for a prescriptive easement, defendant must show that its use of the property "was open, notorious, continuous, hostile and under a claim of right for the requisite 10-year period" (Bekkering v Christiana, 180 AD3d 1276, 1279 [3d Dept 2020] [internal quotation marks, footnote and citation omitted]; see Burpoe v McCormick, 190 AD3d 1070, 1071 [3d Dept 2021]). To establish the element of hostility, however, defendant is not required to demonstrate [*3]"enmity or specific acts of hostility
. . . . Rather, all that is required is a showing that the possession constitutes an actual invasion of, or infringement upon, the owner's rights" (Greenberg v Sutter, 257 AD2d 646, 646 [2d Dept 1999] [citations omitted]).
Here, defendant submitted ample evidence — including the 2017 contract to purchase, both the 2013 and 2017 surveys, and plaintiff's title insurance policy — to demonstrate that plaintiff had both actual and constructive notice of the easement at the time it took title. Defendant also submitted the deposition testimony of Melino, who acknowledged that he received a copy of the completed 2017 survey prior to purchasing the property and delivered it to his attorney. Melino admitted that he also reviewed the title insurance report and acknowledged the exception therein of defendant's sewer easement over the property. We find that the foregoing was sufficient to put plaintiff "on inquiry as to the existence of some right or title in conflict with that [which it was] about to purchase" (Schultz v Dattero, 104 AD3d at 834 [internal quotation marks and citations omitted]). Defendant has further shown that its use of the easement was open, notorious, continuous, hostile and under a claim of right for over 30 years prior to plaintiff's purchase. All said, defendant met its burden of establishing, prima facie, entitlement to judgment as a matter of law, thereby shifting the burden to plaintiff to establish the existence of a material issue requiring a trial (see Shioya v Hanah Country Inn Mgt. Corp., 207 AD3d 916, 921-922 [3d Dept 2022]; Durr v Capital Dist. Transp. Auth., 198 AD3d 1238, 1240 [3d Dept 2021]).
In opposition, plaintiff failed to raise a triable issue of fact. To the extent plaintiff relies upon the fact that the easement was unrecorded, we need note only that plaintiff itself commissioned and received a survey prior to its purchase of the property and that survey clearly shows the easement. Indeed, plaintiff's own title insurance policy made a specific reference to the easement. Given this undisputed proof that, prior to closing, plaintiff had actual notice of the easement held by defendant, Supreme Court properly concluded that defendant was entitled to summary judgment (see CJA Realty Holdings, LP v 14 Phila St. LLC, 206 AD3d 1520, 1521 [3d Dept 2022]; Kheel v Molinari, 165 AD3d 1576, 1578 [3d Dept 2018], lv denied 32 NY3d 1194 [2019]).
We have considered plaintiff's remaining arguments and find them equally unavailing.
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The water line, which is co-located with the sewer line, delivers water to a sewage pump station for fire protection and cleaning purposes and does not increase the size or scope of the sewer easement.

Footnote 2: In response to defendant's discovery request for the purchase contract, plaintiff provided an unsigned contract dated June 28, 2017, which describes the property as Parcels A and B as "shown on a certain Survey Map Entitled 'Survey of Property of Alva A. Stalker Town of Greenport, Columbia County, New York' prepared by Plass, Rockefeller and Nucci, LLC and dated November 11, 2013." The unsigned copy of the contract states that the premises "are subject to the conditions, easements and rights of way as depicted on said survey map."